## Bridget Ragan *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Grade crossings—Contributory negligence.*

In an action against a railroad company to recover damages for death of plaintiff's husband, the evidence in behalf of the plaintiff tended to show that the deceased on a dark and foggy night approached the defendant's railroad at a public grade crossing; that he stopped, looked and listened at a proper place, and then went upon the tracks, when he was struck by an engine running at a high rate of speed, without light, bell or whistle. The evidence on behalf of the defendant was in effect that the deceased and a companion were standing upon the track; that the night was not foggy; that the speed of the train was only from six to eight miles an hour; that a light was displayed, a bell rung continuously and a whistle blown two crossings away, and that the deceased and his companion received a verbal warning from one of the crew on the train. *Held*, that the question of the defendant's negligence and of the deceased's contributory negligence was for the jury, and that a judgment and verdict for plaintiff should be sustained.

Argued Jan. 6, 1899. Appeal, No. 221, Jan. T., 1898, by defendant, from judgment of C. P. No. 4, Phila. County, Sept. T., 1896, No. 292, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for the death of plaintiff's husband.    Before WILL-SON, J.

At the trial it appeared that James Ragan, plaintiff's husband, was killed at a grade crossing at the intersection of Twenty-fifth and Wharton streets, in the city of Philadelphia, on September 21, 1896, at about 7 o'clock in the evening.   At the place of the accident the railroad occupies the entire width of Twenty-fifth street, while Wharton street is a paved street traveled by the public.   The four corners of the intersection are vacant lots.   No safety gates were maintained at the grade crossing.   The evidence on behalf of the plaintiff was in effect that the evening was a dark and foggy one with drizzling rain; that the only light within one square of the crossing was an oil lamp thirty-nine feet distant; that the deceased and a Mr. McCusker approached the crossing on Wharton street, and when they were at the oil lamp they stopped, looked and listened for a train; that they continued east until they reached a point on the pavement about six feet from the defendant's track, where they again stopped and looked and listened; that there was no train in sight or hearing; that the men then proceeded to cross and had reached about the center of the track when Mr. McCusker heard an engine coming out of the fog a short distance from him and jumped; that Mr. Ragan was struck by the engine running south on Twenty-fifth street and killed; that no whistle was sounded and no bell was rung; that the engine was being run backwards down grade, without any light on the tender, at the rate of twenty-five miles per hour.

The defendant's witnesses testified that the night was clear; that an unobstructed view of the track on Wharton street could be had for a distance of several hundred feet; that the deceased and his companion were standing upon the track when they were struck; that they had warning by a headlight, bell and whistle, as well as by a shout from one of the crew of the train, and that the engine was not running at a greater rate of speed than six to eight miles an hour.

Defendant's point and the answer thereto were as follows:

Under all the evidence the verdict should be for the defendant. *Answer:* Refused.

Verdict and judgment for plaintiff for $1,916.   Defendant appealed.

*Error assigned* was above instruction.

*George Tucker Bispham,* for appellant, cited Carroll v. R. R., 12 W. N. C. 348; Lees v. R. R., 154 Pa. 46; Blight v. R. R., 143 Pa. 10; Hauser v. R. R., 147 Pa. 441; Myers v. R. R., 150 Pa. 386; Marland v. R. R., 123 Pa. 487; Schmidt v. P. & R. R. R., 149 Pa. 357.

*S. M. Waln,* with him *Clarence S. Eastwick,* for appellee, cited Laib v. R. R., 180 Pa. 503.

PER CURIAM, January 30, 1899:

A careful consideration of the testimony in this case has satisfied us that it presented questions of fact which the learned trial judge was bound to submit to the jury for their determination; and he therefore rightly refused to affirm defendant's point that "under all the evidence .... the verdict should be for the defendant." The case involved the question of defendant company's negligence as the proximate cause of the injury which resulted in the death of plaintiff's husband, and also the question of his contributory negligence; as to both of which the testimony was more or less conflicting. It was submitted to the jury in a clear, correct and fully adequate charge, of which there is no complaint. The only subject of complaint is the refusal of the court to direct a verdict in favor of the defendant. In view of the testimony that would have been improper.

Judgment affirmed.